I concur in the result reached by the lead opinion but write separately because my path to that result is much different.
The lead opinion sets forth the traditional three-step analysis used to determine whether a defendant's rights have been violated by prefiling delay: first, the defendant must show that he has been prejudiced by the delay; second, the burden then shifts to the prosecution to justify the delay; and third, the trial court must balance the harm against the justification. Next my colleagues find that there is substantial evidence to support findings on steps one and two, but in an exercise of independent judgment reverse the trial court for its conclusion that the harm to the prosecution is outweighed by the justification. In other words the trial court is sustained on the first two steps but reversed on the third.
I am reluctant to reverse the trial court for an improper exercise of discretion when there is no indication whatsoever in the record that the trial court ever got to that point — i.e., step three — where it would be called upon to exercise discretion. All we know about the trial court's thought process is that after hearing argument it granted the motion to dismiss. The single word "granted" is the complete product that we are reviewing.
There is no doubt however that at least the trial court found that defendant had been prejudiced by the delay (step one). What we do not know is whether the trial court found that the prosecution met its burden of showing justification for that delay (step two). If the trial court found insufficient justification proved by the prosecution, the motion would be granted without any exercise of discretion by the trial court or what step three refers to as balancing. Put bluntly: because we do not know that the trial court arrived at step three it is grossly unfair to reverse for an abuse of discretion occurring at that point.
Because of this difficulty it would be far better if trial courts, when ruling on such motions, would indicate at the very least whether they are proceeding from step one to step two and then to step three. This is particularly necessary *Page 1231 
because the role of the reviewing court changes depending on the step involved. When step three is reached the appellate court switches from searching for substantial evidence to support a trial court's determinations (re: steps one and two) to exercising its independent judgment in balancing the proved
prejudice against the proved justification. Unless the trial court makes a record at least to this minimal extent, the opportunity for intelligent review is proportionately diminished if not eliminated.
Since there is no doubt that here the trial court found at a minimum that defendant proved he was prejudiced by the delay,
my task is to review that finding. What defendant proved was that as a result of Ms. G.'s death she could no longer testify. That may or may not work to the disadvantage of defendant at trial but it is by no stretch of the imagination a result of the delay in charging defendant. Any procedural disadvantage stems not from the delay but from her death — a death caused by defendant. Thus defendant did not prove that which he was required to prove in step one, that he has been prejudiced by the delay. At most he established the possibility that he might be prejudiced by his victim's death, a death that was caused neither by the prosecution nor by the prosecution's delay. At most defendant has proved a temporal sequence: the death of the witness occurred after a delay in charging him with the crimes against her. That is insufficient. It always has been: after this therefore because of this is a fallacy so old it has a Latin name: post hoc, ergopropter hoc.
On the basis of what he has proved — that a witness will be unable to testify at trial because she died at his hand — defendant is not in a significantly different position than the mythical defendant who kills his parents and then seeks a lesser sentence because he is an orphan.
For these reasons I concur in the judgment of reversal.
Respondent's petition for review by the Supreme Court was denied January 28, 1987. *Page 1232